IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILLIAM J. WALLACE, et ux. | * | |
| Plaintiffs | * | Case No.: 93-3327(MD)(1)<br>Case No.: MDL-875 (PAE) |
| v. | * | |
| OWENS-ILLINOIS GLASS CO., et al. | * | |
| Defendants | * | |

\* \* \* \* \* \* \*

ANSWER OF RAPID-AMERICAN CORPORATION

Defendant Rapid-American Corporation, a Delaware corporation, by M. King Hill, III, and Venable LLP, its attorneys, for its Answer to the Complaint filed against it, states the following:

FIRST DEFENSE

The Defendant denies all of the allegations in the Complaint except that it is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the Plaintiff's citizenship, Plaintiff's decedent's citizenship and Plaintiff's decedent's place of employment and is without knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they pertain solely to other defendants and except that the Defendant admits that it is a Delaware corporation and that its principal place of business is located in New York, New York.

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted against Rapid-American Corporation.

## THIRD DEFENSE

The Court lacks personal jurisdiction over Rapid-American Corporation. Rapid-American Corporation is not subject to the jurisdiction of this Court or any court in the State of Maryland.

## FOURTH DEFENSE

The Court lacks subject matter jurisdiction as to the claims of Plaintiff herein.

## FIFTH DEFENSE

There is insufficiency of service of process upon Rapid-American Corporation.

## SIXTH DEFENSE

There is insufficiency of process upon Rapid-American Corporation.

## SEVENTH DEFENSE

Plaintiff has failed to join a party or parties necessary for a just adjudication of this matter and have further omitted to state any reasons for such failure.

## EIGHTH DEFENSE

The Complaint was not filed within the time permitted by law; consequently, Plaintiff's claims are now barred by the applicable statutes of limitations.

## NINTH DEFENSE

The delay of Plaintiff in commencing suit is inexcusable and has resulted in prejudice to Rapid-American Corporation so substantial that the defense of laches bars Plaintiff's claims.

TENTH DEFENSE

Venue is improper for the causes of action alleged.

ELEVENTH DEFENSE

Plaintiff's decedent brought about the damages complained of through his own misuse of the product or other conduct.

TWELFTH DEFENSE

Punitive damages are violative of this Defendant's constitutional rights under the Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution and of the Constitution of the State of Maryland in that they (a) are penal in nature and are tantamount to the imposition of a criminal fine; (b) would constitute double jeopardy; (c) instructions and standards for the imposition of punitive damages are vague, indefinite and uncertain and set no limit on the damages which can be awarded, and do not apprise Rapid-American Corporation of the conduct that would subject it to criminal penalties; (d) expose Rapid-American Corporation to multiple punishments and fines for the same act; (e) discriminate against Rapid-American Corporation on the basis of wealth in that different amounts can be awarded against different Defendants for the same act but who differ only in material wealth; and (f) are not appropriately applied to Rapid-American Corporation because it never engaged in an asbestos business or in conduct warranting the imposition of punitive damages.

THIRTEENTH DEFENSE

The Plaintiff's causes of action are barred by the applicable statutes of repose.

### FOURTEENTH DEFENSE

The Plaintiff's decedent failed to exercise ordinary care for his own safety and well being and that negligence proximately caused or contributed to his alleged illness and injury; consequently, Plaintiff's claims are barred.

### FIFTEENTH DEFENSE

The Plaintiff's decedent willingly, knowingly and voluntarily assumed the risk of the alleged illnesses and injuries for which relief is sought in this matter.

### SIXTEENTH DEFENSE

The Plaintiff and/or Plaintiff's decedent have released, settled, entered into an accord and satisfaction, or otherwise compromised his claims herein, and accordingly said claims are barred by operation of law; alternatively, Plaintiff and/or Plaintiff's decedent have accepted compensation as partial settlement of those claims for which this Defendant is entitled to a set-off.

### SEVENTEENTH DEFENSE

While specifically and vigorously denying the allegations of the Plaintiff concerning liability, injuries and damages, to the extent that Plaintiff may be able to prove those allegations, this Defendant states that they were the result of intervening acts of superseding negligence on the part of a person or persons over whom this Defendant had neither control nor the right of control.

### EIGHTEENTH DEFENSE

At the time of the manufacture, distribution and/or sale of any products for which this Defendant is alleged to be liable, the body of knowledge in the scientific, medical and industrial communities did not recognize any risk of danger connected with the use of such products, and accordingly, this defendant relies on the state-of-the-art defense. Furthermore, the benefits of any such product design outweighed

any risk of danger in the design, and that any such product met the safety inspections of Plaintiff's decedent's employer and the general public.

## NINETEENTH DEFENSE

The injuries and damages alleged were caused by an unforeseeable, superseding and/or intervening cause for which this Defendant is not liable.

## TWENTIETH DEFENSE

Rapid American Corporation at no time engaged in the mining of asbestos or any manufacture, production, compounding, converting, selling, merchandising, supplying, distributing or otherwise placing asbestos, asbestos products or material containing asbestos in the stream of commerce.

## TWENTY-FIRST DEFENSE

This Defendant denies any and all liability to the extent that Plaintiff asserts this Defendant's alleged liability as a successor, successor in business, successor in product line or a portion thereof, assignor, predecessor, predecessor in business, predecessor in product line or a portion thereof, parent, alter ego, subsidiary, whole or partially owned by, or the whole or partial owner of or member in an entity researching, studying, manufacturing, fabricating, designing, labelling, assembling, distribution, leasing, buying, offering for sale, selling, inspecting, servicing, installing, contracting for, installation, repairing, marketing, warranting, rebranding, manufacturing for others, packaging and advertising a certain substance, the generic name of which is asbestos.

## TWENTY-SECOND DEFENSE

At all times and places mentioned in the Complaint, the Plaintiff and/or Plaintiff's decedent has failed to make reasonable efforts to mitigate their injuries and damages, if any.

## TWENTY-THIRD DEFENSE

The Complaint fails to state sufficient facts to allege a cause of action for negligence, gross negligence, indifference or conscious or reckless disregard for the safety of the Plaintiff's decedent against this Defendant, since this Defendant neither presently nor at any time in the past mined, manufactured, processed, imported, converted, compounded and/or distributed, sold, or retailed asbestos or any asbestos related materials.

## TWENTY-FOURTH DEFENSE

Plaintiff has waived any and all claims which they seek to assert in this action and are estopped both to assert and to recover upon such claims.

## TWENTY-FIFTH DEFENSE

The injuries to, and damages of, the Plaintiff or her decedent, if any, were directly caused by the conduct of several manufacturers in bankruptcy, their predecessors and successors in interest, their parent company or companies, their affiliates, subsidiaries or related companies and enterprises.

## TWENTY-SIXTH DEFENSE

The products in question were not of themselves unsafe.

## TWENTY-SEVENTH DEFENSE

If the products in question were unsafe, the damages to the Plaintiff's decedent were not foreseeable at the time of the alleged exposure to said products.

## TWENTY-EIGHTH DEFENSE

If the products in question were unsafe, they were unavoidably unsafe.

## TWENTY-NINTH DEFENSE

The Plaintiff nor Plaintiff's decedent never, prior to the filing of this Complaint, informed this Defendant, by notification or otherwise, of any breach of express

and/or implied warranties; consequently, the claims of breach of express and/or implied warranties against this Defendant are barred.

### THIRTIETH DEFENSE

The causes of action asserted by the Plaintiff--who admits her inability to identify the manufacturer or manufacturers of the products which allegedly caused injury--fail to state a claim upon which relief can be granted, for, if relief be granted, this Defendant's constitutional right to substantive and procedural due process of law would be contravened.

### THIRTY-FIRST DEFENSE

At all relevant times, Plaintiff's decedent was acting within the scope of his employment and damages sustained by Plaintiff's decedent were proximately caused by the negligence of Plaintiff's decedent's employers and co-employees. Plaintiff's claims are, therefore, barred.

### THIRTY-SECOND DEFENSE

Any products allegedly manufactured by this Defendant, and to which Plaintiff's decedent was exposed, were materially changed, altered, and/or modified by others including, but not limited to, the Plaintiff's decedent, his employers and co-employees.

### THIRTY-THIRD DEFENSE

Plaintiff's decedent, his employer and/or the person or entity to whom the allegedly defective products were supplied, through training and experience, had at all relevant times superior knowledge of the dangers and hazards, if any, associated with the use of or exposure to asbestos-containing products such that they were sophisticated users of such products, and accordingly, this Defendant had no duty to warn of the aforesaid dangers and hazards.

### THIRTY-FOURTH DEFENSE

The recovery of Plaintiff's alleged damages are limited by the applicable statutory ceilings on recoverable damages.

### THIRTY-FIFTH DEFENSE

With respect to claims of breach of warranty, Rapid-American Corporation will rely upon the defenses of express and implied disclaimer.

### THIRTY-SIXTH DEFENSE

The causes of action asserted by the Plaintiff--who admits her inability to identify the manufacturer or manufacturers of the products which allegedly caused injury--fail to state a claim upon which relief can be granted because such relief would constitute a denial by this Court of Defendant's constitutional right to equal protection under the law.

### THIRTY-SEVENTH DEFENSE

This Defendant adopts such defenses as have or will be raised by any other defendant in this case.

### THIRTY-EIGHTH DEFENSE

The claims set forth in the Complaint are barred by the Government Specifications Defense.

### THIRTY-NINTH DEFENSE

Plaintiff lacks requisite capacity, standing, and authority to bring the within action, as they are not the real party in interest.

### FORTIETH DEFENSE

The within action cannot be maintained as there is another action pending between the same or similar parties for the same cause of action in a court of a state or the United States.

## FORTY-FIRST DEFENSE

If the Plaintiff should prove that Plaintiff's decedent sustained the injuries and damages as alleged, such injuries and damages resulted from acts or omissions on the part of the third parties over whom Rapid-American Corporation had no control or right of control.

## FORTY-SECOND DEFENSE

Any oral warranties upon which Plaintiff's decedent relied are inadmissible and unavailable because of the provisions of the applicable Statute of Frauds.

## FORTY-THIRD DEFENSE

At the time of the injuries alleged in the Complaint, Plaintiff's decedent was employed and was entitled to and did receive worker's compensation benefits from his employer. If the conditions as alleged in Plaintiff's Complaint are found to have existed, the Plaintiff's decedent's employer was negligent and careless in and about the matters referred to in said Complaint and said negligence on the part of the employer proximately caused or contributed to the injuries and damages, if any, complained of by Plaintiff and, further, Plaintiff's decedent's employer assumed the risk of the injury to the Plaintiff's decedent, if any, in that at the time and place of the incident such conditions, if any, were open and apparent and were fully known to the Plaintiff's decedent's employer; by reason thereof, Rapid-American Corporation is entitled to set off any compensation benefits received or to be received by the Plaintiff against any judgment which may be rendered in favor of the Plaintiff herein.

## FORTY-FOURTH DEFENSE

The causes of action may not be maintained because of arbitration and award, collateral estoppel, a discharge in bankruptcy, infancy (or some other disability) of the Plaintiff, payment, release and/or res judicata.

## AS AND FOR A CROSS-CLAIM
## <u>AGAINST ALL OTHER DEFENDANTS</u>

If Plaintiff or Plaintiff's decedent sustained damages as set forth in Plaintiff's Complaint through any carelessness, recklessness, and/or negligence, other than that of Plaintiff herself, including but not limited to, the manufacture and distribution of the asbestos product, breach of warranty or misrepresentations, either express or implied, and in strict liability in tort, these damages will have been caused and brought about by reason of the carelessness, recklessness, and/or negligence of the other Defendants.

If the Plaintiff should recover a judgment against Rapid by operation of law or otherwise, Rapid will be entitled to a judgment for contribution and/or indemnity over and against its Co-Defendants, their agents, servants and/or employees, by reason of their carelessness, recklessness and/or negligence, for the amount of any such recovery, or a portion thereof, in accordance with principles of law regarding apportionment of fault and damages, along with costs, disbursements and reasonable expenses of the investigation and defense of this action, including reasonable attorneys' fees.

WHEREFORE, Rapid-American Corporation demands judgment dismissing Plaintiff's Complaint, with costs and disbursements, and in the event of any judgment against Rapid, it demands a judgment for indemnity and/or contribution over against the other Defendants for the amount of any such recovery, or a portion thereof, in accordance with the principles of law regarding apportionment of fault and damages, along with costs and disbursements, including reasonable attorneys' fees.

                /s/ M. King Hill, III
                M. KING HILL, III
                Venable LLP
                210 Allegheny Avenue
                P. O. Box 5517
                Towson, Maryland  21204
                (410) 494-6200
                Attorney for Defendant
                Rapid-American Corporation

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of January, 2004, a copy of the foregoing ANSWER TO COMPLAINT was mailed to all counsel on the attached Service List.

                /s/ M. King Hill, III
                M. KING HILL, III

TO1DOCS1/MKH01/#122884 v1